**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 11, 2009
Decided February 17, 2009

**Before**

RICHARD A. POSNER, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

Nos. 08-2133 & 08-2309

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeals from the United States District |
| *Plaintiff-Appellee,* | Court for the Northern District of Illinois, Eastern Division. |
| *v.* | |
| | No. 07 CR 358 |
| ALEJANDRO ORTIZ, and FRANCISCO ZAMUDIO-ZARAGOZA | Matthew Kennelly, |
| *DefendantsAppellants.* | *Judge.* |

## O R D E R

After they were caught brokering the sale of two kilograms of cocaine, Alejandro Ortiz and Francis Zamudio Zaragoza pleaded guilty to conspiring to possess with intent to distribute cocaine. *See* 21 U.S.C. §§ 841(a)(1), 846. Zaragoza qualified for the safety-valve exception set forth in 18 U.S.C. § 3553(f), *see also* U.S.S.G. § 5C1.2(a), leaving open the possibility of a sentence above, below, or within his advisory guidelines range of 46 to 57 months. The district court chose 46 months. Ortiz, meanwhile, had a prior drug conviction that made his guidelines range considerably higher—from 84 to 105 months. He, too, received the low end of his applicable guidelines range.

Ortiz and Zaragoza each filed a notice of appeal, but their attorneys have asked to withdraw under *Anders v. California*, 386 U.S. 738 (1967), because they cannot come up with a nonfrivolous basis for these appeals. We invited the appellants to respond to the pending motions, *see* Cir. R. 51(b), and Zaragoza exercised the opportunity (Ortiz did not). That leaves us with only the potential issues raised in counsels' supporting briefs and Zaragoza's submission. *See United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002).

**A. Ortiz**

Ortiz does not want his guilty plea set aside, so counsel rightly avoids any discussion of the adequacy of his plea colloquy or the voluntariness of his plea. *See United States v. Knox*, 287 F.3d 667, 671 (7th Cir. 2002). What remains is Ortiz's 84-month sentence.

Counsel first considers whether Ortiz could argue that the district court should have granted him a lesser sentence based on his minor role in the offense. *See* U.S.S.G. § 3B1.2. But Ortiz never objected to the presentence report, which recommended denying him a minor-role adjustment, and that waiver precludes appellate review. *See United States v. Carrillo*, 269 F.3d 761, 770 (7th Cir. 2001); *United States v. Staples*, 202 F.3d 992, 995 (7th Cir. 2000). In any event Ortiz could not show that he was "substantially less culpable than the average participant." *See* U.S.S.G. § 3B1.2 cmt. n.3(A). Middlemen like Ortiz, who matched a buyer and a seller, are still major players for purposes of § 3B1.2. *See, e.g., United States v. Sorich*, 523 F.3d 702, 717 (7th Cir. 2008); *United States v. McGee*, 408 F.3d 966, 987 (7th Cir. 2005).

That leaves a potential reasonableness challenge. Yet Ortiz's within-guidelines sentence is presumptively reasonable on appeal. *See Rita v. United States*, 127 S.Ct. 2456, 2462-64 (2007); *United States v. Mykytiuk*, 415 F.3d 606, 608 (7th Cir. 2005). And there would be no reason to upset that presumption. The court correctly calculated the advisory guidelines range and adequately considered the factors set forth in 18 U.S.C. § 3553(a) before concluding that a term of 84 months would promote deterrence and protect the public. Nothing more is required. *See United States v. Panaigua-Verdugo*, 537 F.3d 722, 727-28 (7th Cir. 2008).

**B. Zaragoza**

Zaragoza does not wish to withdraw his guilty plea either, so counsel does not explore that issue. *See Knox*, 287 F.3d at 671. Similarly, any challenge to Zaragoza's sentence would be frivolous. His 46-month term of imprisonment is less than the statutory minimum, *see* 18 U.S.C. § 3553(f), 21 U.S.C. § 841(a)(1), and it lies at the bottom of the correctly calculated guidelines range. *See United States v. Tahzib*, 513 F.3d 692, 695 (7th Cir.

2008) ("If a below-guidelines sentence will almost never be unreasonable . . . the same must be true for the lowest possible within-guidelines sentence."). What is more, the district court devoted considerable attention to the § 3553(a) factors in fashioning what it believed was an appropriate sentence. *See Panaigua-Verdugo*, 537 F.3d at 727-28.

Zaragoza counters that the district court was obligated to consider the effect of his incarceration on his wife, his children, and his parents. Indeed, a defendant's "extraordinary family circumstances can constitute a legitimate basis for imposing a below-guidelines sentence." *United States v. Schroeder*, 536 F.3d 746, 755 (7th Cir. 2008). But Zaragoza presented this argument to the district court, and the court disagreed that his family circumstances are so extraordinary as to warrant a below-guidelines sentence. With that, the court discharged its duty—and any argument to the contrary would be frivolous. *See id.*

Counsels' motions to withdraw are GRANTED, and the appeals are DISMISSED.